IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

           Plaintiff,

vs.

ROB JEFFREYS, Director of Nebraska
Department of Corrections, sued in his
individual capacity;

           Defendant.

**8:23CV419**


**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's two motions for leave to proceed IFP ("IFP"), Filing No. 2, Filing No. 7, two motions for "Summons," Filing No. 3, Filing No. 8, and Plaintiff's "Petition for Emergency Preliminary Injunction" that this Court construes as a motion for preliminary injunction (the "Motion for Preliminary Injunction"), Filing No. 9. For the reasons set forth below, the Court shall grant the first IFP motion and deny the second IFP motion as moot, and shall deny the motions for Summons and Motion for Preliminary Injunction as premature.

## I.  IFP

On September 25, 2023, Plaintiff filed a motion stating that he is requesting to proceed IFP (the "First IFP Motion"). Filing No. 2.  On October 2, 2023, Plaintiff filed a second motion seeking leave to proceed IFP (the "Second IFP Motion"). Filing No. 7. Plaintiff then paid a filing fee of $402.00 on October 19, 2023 (text entry).

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. During the past six months, Plaintiff's average monthly balance was $37,653.16 and his average monthly deposits were $108.33. *See Robinson v. Boyce*, Case No. 4:23-CV-412, Filing 7. Therefore, pursuant to the formula set forth in 28 U.S.C. § 1915(b)(1), the initial partial filing fee would be $7,530.63, based on an average monthly account balance of $37,653.16, which is more than the $350 filing fee for this matter.[1] However, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . ." 28 U.S.C. § 1915(b)(3). Accordingly, Plaintiff shall be required to pay a $350.00 filing fee at the outset of the case, as mandated by 28 U.S.C. § 1915(b). *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full,

---

[1] The Court's filing fee of $402.00 for §1983 actions includes the $350.00 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52."). Prisoners granted IFP status are not required to pay the $52.00 administrative fee under the PLRA.

with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Accordingly, as Plaintiff has paid $402.00 and the full filing fee is only $350.00, the First IFP Motion shall be granted, and the Clerk's Office shall be directed to process the $52.00 overpayment according to their normal procedures.  The Second IFP Motion shall be denied as moot.

## II. Summons

In relation to the motions for Summons, Filing No. 3, Filing No. 8, they are premature as the Court has not yet performed its initial review or otherwise found that the Complaint may not proceed to service of process.  *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in in forma pauperis prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted).  As no discovery may take place until after the Court determines this matter may proceed to service of process, the motions for Summons shall be denied without prejudice.

## III.  Preliminary Injunction

Plaintiff filed the Motion for Preliminary Injunction, seeking an order "requiring [defendant] Rob Jeffreys and NDCS to apply LB50 as it was intended to be applied." Filing No. 9 at 2.

Preliminary injunctive relief is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Reviewing Courts "must balance the competing claims of injury and must consider the effect on each party of the

granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 20.

Here, Plaintiff's Motion fails as he has not established any of the elements that would warrant preliminary injunctive relief. Additionally, as previously discussed, this Court has not yet determined if this matter may proceed to service of process and review of Plaintiff's Complaint has not yet taken place, rendering the motion premature. For these reasons the Court will, therefore, deny Plaintiff's Motion for Preliminary Injunction, without prejudice to reassertion.

### IV. Conclusion

Accordingly, IT IS THEREFORE ORDERED that:

1.      Plaintiff's First Motion for IFP, Filing No. 2 is granted and the Second Motion for IFP, Filing No. 7, is denied as moot.

2.      The Clerk's Office is instructed to process the $52.00 overpayment according to their normal procedures.

3.      Plaintiff's motions for Summons, Filing No. 3 and Filing No. 8, and Motion for Preliminary Injunction, Filing No. 9, are denied as premature; and

4.      Plaintiff is advised that the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal

is appropriate under 28 U.S.C. § 1915(e)(2).  The Court will conduct this initial review in

its normal course of business.

Dated this 20th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court